IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BETZAIDA RIVERA-ALMODÓVAR,

    Plaintiff,

    v.

INSTITUTO SOCIOECONÓMICO
COMUNITARIO, INC., YADIRA
GUILLIANI, IRIS LÓPEZ, JOLANDA
VÉLEZ PÉREZ,

    Defendants.

CIVIL NO. 10-1885 (BJM)

## OPINION AND ORDER

## PROCEDURAL BACKGROUND

Plaintiff Dr. Betzaida Rivera-Almodóvar ("Rivera" or "plaintiff") brings this action against her former employer, Instituto Socioeconómico Comunitario, Inc. ("INSEC"), and Yadira Guilliani, Iris López, and Jolanda Vélez Pérez ("Vélez") (collectively, "defendants") alleging discrimination based on her age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and various claims under Puerto Rican law, over which the court may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. (Docket No. 6). Plaintiff seeks compensatory and punitive damages, equitable and declaratory relief, and "any other remedies provided by law." (Id., ¶ 1). Defendants filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing that plaintiff, who requested only compensatory damages, failed to state a claim upon which relief can be granted because compensatory damages are unavailable as a remedy under the ADEA. (Docket No. 13). Plaintiff opposed. (Docket No. 20). As explained more fully below, defendants' motion is **granted in part** and **denied in part**.

## FACTUAL BACKGROUND

Rivera alleges that she was subjected to discriminatory harassment on the basis of her age, including a one-month suspension in 2009, reassignment to an inconvenient work location, and

**Rivera-Almodóvar v. Instituto Socioeconómico Comunitario, Inc., et al.**                    Page 2
CIVIL NO. 10-1885 (BJM)
**OPINION AND ORDER**

threats of replacement with younger employees.  (<u>Id.</u>, ¶¶ 11, 15, 17, 18).  The alleged discriminatory

harassment culminated on August 9, 2009, when plaintiff was terminated and ultimately replaced

with a younger employee.  (<u>Id.</u>, ¶¶ 9, 19).

Defendants argue that Rivera has failed to state a claim upon which relief can be granted

because she seeks only compensatory damages, a remedy they argue is unavailable to plaintiffs under

the ADEA.  (Docket No. 13).  Furthermore, because plaintiff's ADEA claim is the only basis for

federal jurisdiction, defendants seek dismissal of the supplemental Puerto Rico law claims as well.

(<u>Id.</u>).

**DISCUSSION**

**I.      Rule 12(c) & 12(b)(6) Standards**

Under Federal Rule of Civil Procedure 12(c), after pleadings have closed, "a party may move

for judgment on the pleadings." Fed. R. Civ. Pro. 12(c).  When the basis of the motion is that the

plaintiff has failed to state a claim upon which relief can be granted, a motion under Rule 12(c) is

evaluated according to the same standard as a motion under Rule 12(b)(6).  <u>Remexcel Managerial</u>

<u>Consultants, Inc. v. Arlequin</u>, 583 F.3d 45, 49 n.3 (1st Cir. 2009); <u>see also</u> Charles Alan Wright &

Arthur Miller, 5 Federal Practice and Procedure § 1203 ("[T]he form and sufficiency of a claim for

relief under Rule 8(a)(2) may be tested by a motion to dismiss for failure to state a claim upon which

relief can be granted, Rule 12(b)(6), [or] by a motion for judgment on the pleadings, Rule 12(c).").

The propriety of dismissal under Rule 12(b)(6) turns on the complaint's compliance with

Rule 8(a)(2), which mandates that every complaint contain "a short and plain statement of the claim

showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While the short and plain

statement contemplated by the rule need not contain detailed factual allegations, <u>Bell Atlantic Corp.</u>

<u>v. Twombly</u>, 550 U.S. 554, 555 (2007), the complaint must allege "a plausible entitlement to relief."

<u>Id.</u> at 559.  In other words, to survive a motion to dismiss under Rule 12(b)(6) for failure to state a

claim upon which relief can be granted, the complaint must state factual allegations sufficient "to

raise a right to relief above the speculative level."  <u>Id.</u> at 555.  However, the evaluating court

nonetheless "accept[s] well-pled factual allegations in the complaint as true and make[s] all reasonable inferences in the plaintiff's favor." Miss. Pub. Emps.' Ret. Sys. v. Bos. Scientific Corp., 523 F.3d 75, 85 (1st Cir. 2008).

## II.    Analysis

The ADEA makes it unlawful for an employer "to discharge any individual or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).  When facing ADEA violations, courts may grant monetary relief and "such legal or equitable relief as may be appropriate to effectuate the purposes of the Act."  29 U.S.C. § 626(b).  However, it is well established that monetary awards may be only for "those pecuniary benefits connected to the job relation, including wages or overtime compensation discriminatorily withheld, or lost due to discriminatory termination." Collazo v. Nicholson, 535 F.3d 41, 44–45 (1st Cir. 2008).  Punitive damages or compensatory damages for pain and suffering are unequivocally not recoverable under the ADEA. Id. at 44.

In this case, as defendants point out, plaintiff has made only one specific monetary demand, for $1 million in compensatory damages. (Docket No. 6, ¶ 23).  According to defendants, because plaintiff is "only" seeking a remedy unavailable under the ADEA, she has not made "a demand for the relief sought," as required by Federal Rule of Civil Procedure 8(a)(3), and the complaint has failed to state a claim upon which relief can be granted.  However, this argument fails for two reasons.

First, plaintiff has not claimed only compensatory damages, as she has also requested "equitable and declaratory relief and any other remedies provided by law." (Docket No. 6, ¶ 1).  While it is true that plaintiff has not requested pecuniary relief in a specific dollar amount, specific dollar amounts in an *ad damnum* clause are not necessary under the requirements of Rule 8(a)(3), which is satisfied merely by a demand for the relief sought.  See CNW Corp. v. Japonica Partners, L.P., 776 F. Supp. 864, 869 (D. Del. 1990).

**Rivera-Almodóvar v. Instituto Socioeconómico Comunitario, Inc., et al.**               Page 4
CIVIL NO. 10-1885 (BJM)
**OPINION AND ORDER**

Pleadings are construed liberally in the interests of justice, <u>see</u> Fed. R. Civ. P. 8(e), and to that end, as long as the demand for judgment and the factual allegations of the complaint give notice to defendants of the basis of the claim and roughly its amount, the requirements of Rule 8(a)(3) are satisfied. <u>See</u> <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 513–14 (2002) (federal pleading standards are designed to ensure notice to the defendant, and no technical forms of pleading are required); <u>see</u> <u>also</u> <u>CNW Corp.</u>, 776 F. Supp. at 869 (factual allegations of complaint gave notice to defendant of approximate magnitude of claim, despite lack of specific dollar demand). In this case, the factual allegations of the claim (that plaintiff suffered discriminatory termination) coupled with a general demand for relief available by law provide adequate notice to defendants of a claim for pecuniary damages available under the ADEA.

Second, even if defendants were correct, the fact that a plaintiff has demanded only relief to which she is not entitled does not by itself justify dismissal under Rule 12(b)(6). As a general rule, the demand for judgment (as required by Rule 8(a)(3)) is not itself a part of the plaintiff's claim, <u>Laird v. Integrated Resources, Inc.</u>, 987 F.2d 826, 841–42 and n. 69 (5th Cir. 1990); <u>Schoonover v. Schoonover</u>, 172 F.2d 526, 530 (10th Cir. 1949), and as a result failure to specify the relief to which the plaintiff is entitled is not a failure to "state a claim." <u>Bontkowski v. Smith</u>, 305 F.3d 757, 762 (7th Cir. 2002).

Consistent with the above-described liberal pleading standards and the structure of the federal rules,[1] courts generally award the relief to which a party is entitled (regardless of what relief was demanded), and hold that a demand for an improper remedy is not fatal to a claim. <u>See</u> <u>Sanders v. Yeager</u>, 57 Fed. Appx. 381, 382 (10th Cir. 2003); <u>see</u> <u>also</u> <u>Bontkowski</u>, 305 F.3d at 762. Under this standard, while it is clear that compensatory damages are not recoverable under the ADEA, plaintiff's claim should survive if its factual allegations state a plausible chance of recovering

---

[1] <u>See</u>, for example, Rule 54(c), which states that every final judgment (except default judgments) should grant the relief to which the party is entitled, even if he has not demanded the particular relief in his pleadings. Fed. R. Civ. P. 54(c).

**Rivera-Almodóvar v. Instituto Socioeconómico Comunitario, Inc., et al.**      Page 5
CIVIL NO. 10-1885 (BJM)
**OPINION AND ORDER**

pecuniary relief.  And they do, so it does.[2]  Therefore, defendants' Rule 12(c) motion to dismiss

plaintiff's ADEA claim is **denied**.

## III.    Puerto Rico Law Claims

Defendants argue that even if the ADEA claim survives, plaintiff's Puerto Rico law claims

should nevertheless be dismissed for several reasons.  The court addresses each argument in turn.

### A.    Articles 1802 and 1803

First, defendants contend that plaintiff's claims under Law 80, 29 L.P.R.A. §§ 185a–185m,

and Law 100, 29 L.P.R.A. §§ 146 *et seq.*, which respectively prohibit dismissal without cause and

workplace discrimination, foreclose her claims under Puerto Rico's general tort statute and its

*respondeat superior* counterpart, Articles 1802 and 1803 of the Civil Code, 31 L.P.R.A. §§ 5141,

5142.  (Docket No. 13, p. 5-6).  Because "the provisions of the Civil Code are supplementary to

special legislation," Barreto v. ITT World Directories, Inc., 62 F. Supp. 2d 387, 393 (D.P.R. 1999),

an employment discrimination plaintiff may pursue claims under Articles 1802 and 1803 only when

they are based on "tortious or negligent conduct distinct from that covered by the specific laws

invoked, or which have an independent basis to support them."  Rivera-Cartagena v. Wal-Mart P.R.,

Inc., 767 F. Supp. 2d 310, 320 (D.P.R. 2011) (internal citations, quotations, and alterations omitted).

Defendants maintain that plaintiff's labor law claims arise from the same conduct as the tort

claims.  (Docket No. 13, p. 6).  Plaintiff's only argument in response is that her tort claims are

alleged in the alternative to her Law 80 claims and it should be left to a jury to decide whether

defendants committed negligent acts in addition to discriminatory ones.  (Docket No. 20, p. 3).  The

court finds plaintiff's argument unpersuasive.  A cursory review of the amended complaint, which

alleges succinctly that defendants suspended and then terminated plaintiff after three years of age-

---

[2] Collazo, cited by defendant for support, is factually distinguishable; in that case, the plaintiff suffered no injury which could warrant pecuniary relief, as he was not demoted or discharged. 535 F.3d at 44.  As a result, the facts of his claim would have limited him to compensatory damages to which he was not entitled, warranting 12(b)(6) dismissal. Id. at 45.  In this case, by comparison, plaintiff has alleged illegal termination from employment an injury which would warrant pecuniary or equitable relief.

**Rivera-Almodóvar v. Instituto Socioeconómico Comunitario, Inc., et al.**                Page 6
CIVIL NO. 10-1885 (BJM)
**OPINION AND ORDER**

based harassment by Guilliani, reveals no distinct factual allegations to support a tort claim separate from the labor law claims.  (Docket No. 6, ¶¶ 8–23).  Accordingly, plaintiff's Article 1802 and 1803 claims are **dismissed with prejudice**.

      **B.**     **Law 80**

      Defendants argue correctly that plaintiff's Law 80 claims against the individual defendants should be dismissed (Docket No. 13, p. 7) because Law 80 does not provide for individual liability. Flamand v. Am. Int'l Group, Inc., 876 F. Supp. 356, 364–65 (D.P.R. 1994).  Plaintiff concedes this point.  (Docket No. 20, p. 3).  Therefore, plaintiff's Law 80 claims against the individual defendants are **dismissed with prejudice**.

      **C.**     **Law 100**

      Finally, defendants argue that plaintiff's Law 100 cause of action against the individual defendants fails to state a plausible claim for relief under the Twombly pleading standard.  (Docket No. 13, p. 7-9).  Unlike Law 80, Law 100, which prohibits workplace discrimination based on characteristics including age, does permit individual liability.  29 L.P.R.A. § 146; Rosario Toledo v. Distribuidora Kikuet, Inc., 151 D.P.R. 634 (2000).  Plaintiff responds that the complaint's allegations are sufficient.  (Docket No. 20, p. 3–4).

      The amended complaint alleges that starting in 2006, Guilliani, López, "and other officials began harassing" all nine of INSEC's "coordinators,"[3] all of whom were allegedly over age 40. Plaintiff further alleges that "[a]s part of the harassment, the old employees were called for meetings and left waiting for hours, and would be transferred" without regard to their residence, such that, "[a]s part of the harassment, Plaintiff was made" to commute between Sabana Grande and Arecibo for ten months.  Plaintiff further alleges that Vélez "would threaten the coordinators that she would remove all of them and replace them with younger employees."  (Docket No. 6, ¶¶ 7, 15–17).

      It is true that the allegation that Guilliani and López "began harassing" the coordinators,

---

     [3] Although the amended complaint does not state what position plaintiff held at INSEC, the court infers in her favor that she was a coordinator.

standing alone, would be too conclusory to state a colorable claim.  But the subsequent allegations

that defendants discriminatorily exacerbated two of the banes of modern life – commuting and

waiting around for meetings – provide enough detail to "nudge[] [plaintiff's] claims across the line

from conceivable to plausible."  Twombly, 550 U.S. at 567.  "[A]llegations that would individually

lack the heft to make a claim plausible may suffice to state a claim in the context of the complaint's

other factual allegations."  Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 15 (1st Cir. 2011)

(citing Twombly, 550 U.S. at 557).  The court evaluates a complaint's allegations as a whole,

without requiring any "stronger logical connection than that demanded by plausibility."  Ocasio-

Hernández, 640 F.3d at 15.  And, of course, inferences are drawn in plaintiff's favor at this stage.

So, while use of the passive voice is not preferred,[4] plaintiff's claim is not thereby defeated: even

though no names are named in connection with the specific slings and arrows described, it is inferred

that  those acts were committed by Guilliani and López "[a]s part of the harassment" which is more

generally alleged earlier in the amended complaint.

As to Vélez, despite not specifying just when or how, plaintiff claims that Vélez told the

coordinators she would fire them and put younger workers in their place, and that plaintiff was in

fact terminated and replaced by someone under 40.  (Docket No. 6, ¶¶ 7, 18–19).  Taken as a whole

with the rest of the amended complaint, I find these allegations sufficient – albeit just barely – to

"allow[] the court to draw the reasonable inference that [Vélez] is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009).  Such an allegation can hardly be

called detailed, but it provides "more than an unadorned, the-defendant-unlawfully-harmed-me

accusation."  Id. (citations omitted).  Defendants object that the allegation is too general because it

refers to all INSEC coordinators regardless of their age (Docket No. 13, p. 9), but plaintiff expressly

states that all INSEC coordinators were over 40.  (Docket No. 6, ¶ 15).  Accordingly, plaintiff has

plausibly alleged that Vélez discriminated against her on the basis of her age.

---

[4] See, e.g., Bryan A. Garner, The Winning Brief: 100 Tips for Persuasive Briefing in Trial and Appellate Courts 188–90 (2d ed. 2004).

**Rivera-Almodóvar v. Instituto Socioeconómico Comunitario, Inc., et al.**                          Page 8
CIVIL NO. 10-1885 (BJM)
**OPINION AND ORDER**

In short, as under the ADEA, I conclude that plaintiff has stated a plausible claim for relief under Law 100, so defendant's motion to dismiss plaintiff's Law 100 claims against the individual defendants is **denied**.

## CONCLUSION

For the reasons described above, defendants' motion to dismiss (Docket No. 13) is **GRANTED IN PART** and **DENIED IN PART**.  Plaintiff's claims under Articles 1802 and 1803 are **DISMISSED WITH PREJUDICE** as to all defendants, and plaintiff's Law 80 claims are **DISMISSED WITH PREJUDICE** as to individual defendants Guilliani, López, and Vélez. Defendants' motion to dismiss plaintiff's claims under the ADEA and Law 100 is **DENIED**.

**IT IS SO ORDERED.**

At San Juan, Puerto Rico, this 18th day of August, 2011.


*S/Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge